UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| BOO, INC., Plaintiff, -against- BOO.COM GROUP LTD., BOO.COM NORTH AMERICA, INC., and FASHIONMALL.COM, INC., Defendants. | Civil Action No. 00-CV-1872 (PAM/JGL) **STIPULATION FOR PROTECTIVE ORDER AND (~~PROPOSED~~) ORDER** |

The discovery taken by the parties in this case shall be conducted under the following terms:

1. Any and all documents or things or information produced or otherwise furnished by any of the parties in informal or other discovery that contain confidential, trade secret or other proprietary information may be designated "CONFIDENTIAL" by the producing party or by a party who is the original source of the document or information. The producing party shall effectuate the designation of "CONFIDENTIAL" documents or information by stamping or marking on the documents or other material the term "CONFIDENTIAL." Those documents or other matters shall be maintained by the other parties to this action and their counsel in confidence and used only for the purposes of this litigation. To the extent that any such items are filed with the Clerk of Court or with the Court, they shall be placed in a sealed envelope marked, "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER." The Clerk of Court shall maintain such sealed envelopes intact and unopened except as otherwise directed by the Court.

FILED AUG 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

2. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated "CONFIDENTIAL" shall be treated in the same manner.

3. In the case of a deposition, deposition testimony shall be deemed temporarily designated as "CONFIDENTIAL," provided that within forty-five (45) days after receipt of the transcript, counsel shall review the transcript and designate only those pages of the transcript which the designating party believes constitute, reflect or disclose confidential information. If no specific designation is made, the entire transcript will be deemed not confidential.

4. This Protective Order shall not prevent any documents or other information designated as "CONFIDENTIAL" from being used in connection with hearings before or submissions to the Court or from being made part of the record in this case. Transcripts or portions thereof which record hearing testimony concerning confidential documents or information may be marked as "CONFIDENTIAL" by any party within forty-five (45) days after receiving the hearing transcript. The party wishing to make such designation shall advise all other parties, and the designated portion(s) of the hearing transcript shall thereafter be treated as confidential subject to the terms of this Protective Order.

5. Neither the parties nor their counsel shall disclose or permit the disclosure of the documents or other information designated as "CONFIDENTIAL" to anyone other than: (i) partners, associates, legal assistants or employees of counsel to this action; (ii) the parties themselves; (iii) any expert(s) or consultant(s) retained in connection with the preparation for and hearing of this proceeding; and (iv) any other person agreed upon in writing by the parties or authorized by an order of the Court.

6. Except for the parties themselves, and their counsel (including partners, associates, legal assistants or employees of their law firm), all persons to whom any information subject to this Protective Order is disclosed shall, prior to any disclosure to them, be provided a copy of this Protective Order and execute a protective agreement in the form attached as Exhibit A to this Protective Order.

7. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using any matter not subject to this Protective Order and not designated as "CONFIDENTIAL."

8. If any party wishes to reclassify any information, document or testimony marked "CONFIDENTIAL" by another party, the parties will confer and try to reach agreement. If the parties cannot reach agreement, the party seeking to reclassify may seek appropriate relief from the Court, with the party seeking to maintain the "CONFIDENTIAL" designation bearing the burden to establish its claim of confidentiality.

9. Upon the final conclusion of this proceeding, including any appeals, or upon the settlement and/or dismissal of the proceeding, all documents, things and information subject to this Protective Order shall be returned to the party which produced them, or shall be destroyed. Counsel for the parties may preserve work product and privileged documents in their permanent files even though such documents may reflect or contain confidential documents or information. The conclusion of this proceeding shall not relieve any person or party from any of the requirements imposed by this Protective Order.

10. Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Protective Order, and may designate documents or deposition testimony as "CONFIDENTIAL" in the manner, and subject to the same protections, set forth herein.

11. Neither anything contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not "CONFIDENTIAL" matter within the contemplation of the law, or prejudice in any way the right of any party or third party to seek a determination by the Court of whether or not any particular materials should be disclosed or, if disclosed, whether or not such materials should be subject to the terms of this Protective Order.

12. The relevance or admissibility of this Protective Order for any purpose in this proceeding is reserved for the future decision of the Court, except that this Protective Order shall not be admissible in evidence to prove that any documents or materials constitute trade secrets or proprietary information or to establish the existence of any property rights or protected status.

13. The provisions of this Protective Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by Fed. R. Civ. P. 26(c).

Dated: August 21, 2001

SQUADRON, ELLENOFF, PLESENT
& SHEINFELD, LLP

BY: ______________________
DORI ANN HANSWIRTH, ESQ.
DAN CHOROST, ESQ.
551 Fifth Avenue
New York, New York 10176
(212) 661-6500

JOSEPH T. DIXON, JR., ESQ. (Bar # 23139)
HENSON & EFRON, P.A.
400 Second Avenue South, Suite 1200
Minneapolis, Minnesota 55401
(612) 339-2500

ATTORNEYS FOR DEFENDANT
FASHIONMALL.COM, INC.

LONDON ANDERSON ANTOLAK
& HOEFT, LTD

BY: ______________________
GARY L. HUUSKO, ESQ.
15 South Fifth Street, Suite 1200
Minneapolis, Minnesota 55402-1063
(612) 338-4400

ATTORNEYS FOR PLAINTIFF BOO, INC.

## ORDER

The foregoing Stipulation for Protective Order is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation for Protective Order are hereby adopted and shall govern this action unless otherwise ordered by the Court.

BY THE COURT

Dated: August 24, 2001

Judge, United States District Court

**EXHIBIT A**

**PROTECTIVE AGREEMENT**

I hereby acknowledge that I am being given access to "confidential" information that is the subject of a Protective Order in the case entitled *Boo, Inc., v. Boo.com Group Ltd., Boo.com North America, Inc., and Fashionmall.com, Inc.*, Court File No. 00-CV-1872 (PAM/JGL), pending before the United States District Court of Minnesota. I acknowledge that I have been presented with, and have read, the Protective Order in the above-captioned case. I agree that I shall maintain such "confidential" information in confidence and will use it for no purpose other than as provided in Paragraph 1 of the Protective Order. I understand that I can be subject to sanctions for violation of the Protective Order, and I hereby submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of any proceeding arising out of a purported violation by me of the Protective Order. I further agree that upon the conclusion of my having any need for further access to "confidential" information provided to me, or upon request by the person making them available to me or by order of the Court, I shall return to the person making them available to me all "confidential" items provided and all copies thereof.

Dated:_______________

_________________________________
*Printed Name*

_________________________________
*Signature*

Address:

_________________________________

_________________________________

# Please forward this announcement to the recipient of this fax.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500